Yang v. Sessions

BIA
Poczter, IJ
A201 295 499

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

WEN CAI YANG,
> *Petitioner,*

v.                                                    **15-4038**
                                                      **NAC**

JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          James A. Lombardi, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Shelley
                         R. Goad, Assistant Director; Kristen
                         Giuffreda Chapman, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Cai Yang, a native and citizen of the People's Republic of China, seeks review of a December 3, 2015, decision of the BIA affirming an August 14, 2014, decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Cai Yang,* No. A201 295 499 (B.I.A. Dec. 3, 2015), *aff'g* No. A201 295 499 (Immig. Ct. N.Y. City Aug. 14, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on an applicant's "demeanor, candor, or responsiveness," internally inconsistent testimony, discrepancies between an applicant's oral and written statements, and discrepancies between an applicant's testimony

2

and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, substantial evidence supports the agency's determination that Yang was not credible.

First, the agency reasonably relied on an omission from Yang's asylum application regarding whether the police visited his parents after he left China. *Xiu Xia Lin*, 534 F.3d at 166 n.3 (observing that "[a]n inconsistency and an omission are . . . functionally equivalent" for credibility purposes). Yang testified for the first time on cross-examination that the police visited his parents in April 2011 and ransacked their home when they would not reveal his location. When asked why he did not include this incident in his asylum application or written statement (completed in April 2012), Yang was nonresponsive, stating only that his parents reported this information over the telephone. Yang now argues that the omission should be excused because he is uneducated and did not know what to include in his asylum application. This explanation is not compelling, however, because Yang prepared his asylum application with the assistance of counsel. *See*

3

*Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner 'must do more than offer a "plausible" explanation for his inconsistent statements to secure relief; "he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony."'" (quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 76 (2d Cir. 2004))).

Yang also testified inconsistently about whether his parents received and kept a summons from the Chinese police: He initially stated that the police took the summons with them, but on further questioning stated that the police gave the summons to his parents and that his parents did not know where they put it. Taken together, these are material inconsistencies that call into question the basis for Yang's fear of future harm in China. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (even one material inconsistency may provide substantial evidence for an adverse credibility determination).

Third, Yang's testimony that he read the Bible once every two weeks or once a month while in China contradicted his credible fear interview, in which he stated that he had never read the Bible. This discrepancy regarding Yang's religious practice in China is further support for the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. Yang now argues

4

that the agency placed too much weight on this inconsistency because his credible fear interview was not reliable. This argument lacks merit. The IJ reasonably concluded that the credible fear interview record is reliable under the criteria in *Ming Zhang v. Holder*, 585 F.3d 715 (2d Cir. 2009). The questions and answers are typewritten and appear to reflect a verbatim or nearly verbatim account of the questions posed and Yang's answers; a Mandarin interpreter was used for the interview; Yang indicated that he understood the interpreter and the questions asked; the record contains no signs of coercion; and the questions asked appear designed to elicit the details of Yang's asylum claim (for example, the officer asked Yang follow-up questions regarding his alleged arrest and detention and his religious beliefs). *Ming Zhang*, 585 F.3d at 725-26. And the IJ was not required to accept Yang's explanation that he was confused during the credible fear interview, given his apparently clear answers to the questions. *Majidi*, 430 F.3d at 80-81.

The agency's demeanor finding adds further support to the overall adverse credibility determination. Particularly on cross-examination, Yang took long pauses and was not responsive to questions about why he obtained a passport in 2009 and why he did not get a letter from his parents, even after the IJ and

5

the Government's attorney drew attention to his lack of responsiveness. *Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (giving "particular deference" to IJ's finding that testimony was evasive and nonresponsive).

The agency also reasonably concluded that Yang's corroborating evidence was insufficient to rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). In particular, as the agency found, Yang did not submit a letter from his parents to corroborate the April 2011 police visit, and he was nonresponsive when asked to explain that omission. Yang argues that the letters he submitted from his aunt and a church friend in China were sufficient. However, these letters do not mention the police visit and thus cannot rehabilitate his problematic testimony on this issue.

Given the discrepancies relating to Yang's religious practice and the basis for Yang's fear of future harm, as well as Yang's evasive demeanor and lack of rehabilitative corroborating evidence, the totality of the circumstances supports the agency's ruling. *Xiu Xia Lin*, 534 F.3d at 167.

6

Because Yang's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk